IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KENNETH LAWSON,

                Petitioner,                OPINION and ORDER

v.

                                              22-cv-435-wmc

UNITED STATES OF AMERICA,                21-cr-14-wmc

                Respondent.

---

On February 13, 2023, the court denied defendant Kenneth Lawson's motion to vacate under 28 U.S.C. § 2255, and judgment was entered in the government's favor that same day. Now before the court is Lawson's motion for an extension of time to file his appeal, which he filed on August 8, 2023, almost six months after judgment was entered. (Dkt. #4.) For the reasons that follow, the court must deny that motion.

Under Federal Rule of Appellate Procedure 4(a)(5)(A), a district court may extend the time to file a notice of appeal for a period not to exceed 30 days if a party (1) seeks an extension no later than 30 days after the time prescribed by Rule 4(a) expires and (2) shows excusable neglect or good cause. Lawson's deadline to file a notice of appeal of the February 13, 2023, judgment expired on April 13, 2023. *See* Fed. R. App. P. 4(a)(1)(B). This means that he had until May 13, 2023 to file his motion for an extension of time to appeal. Because Lawson filed this motion well beyond that outermost deadline, the court lacks the authority to grant Lawson the relief he seeks under Rule 4(a)(5)(A).

In fairness, Rule 4(a)(6) permits this court to reopen the time to file a notice of appeal if: (1) the court finds that the party did not receive notice of the judgment under

Federal Rule of Civil Procedure 77(d) within 21 days of when the judgment was entered; (2) that party requests relief within 180 days of judgment or 14 days after he receives notice, whichever is earlier; and (3) the court finds that no party would be prejudiced. *Carter v. Hodge*, 726 F.3d 917, 919 (7th Cir. 2013). Rule 77(d)(1) directs the clerk of court to serve notice of the entry of judgment on each party not in default in accordance with Federal Rule of Civil Procedure 5(b), and to record that service on the docket. This is what occurred here, and Lawson has not shown that he did not receive notice of the judgment within 21 days of the February 13 order and judgment.

Instead, Lawson merely states that after he received "the response" to his motion to vacate (by which perhaps he means receipt of the court's order and judgment), he was transferred to restrictive housing, then to another institution, during which he did not have access to his legal materials. Critically, however, Lawson neither denies receiving the judgment, nor even when he was transferred and separated from his legal materials. Therefore, even construing Lawson's motion as a request to reopen his time to appeal, the court must deny it.

ORDER

IT IS ORDERED that defendant Kenneth Lawson's motion to extend time to appeal or to reopen time to appeal (dkt. #4) is DENIED.

Entered this 31st day of August, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge